Based upon the severity of the credibility issues found in this case, I must respectfully disagree with the majority. It is true that memories fade over time and, thus, some differences between the testimonies of various witnesses can be expected. In this case, however, discrepancies are so striking that they cannot be overlooked, particularly as many are substantiated by omissions or by direct comments found in the medical records. Examples that have swayed my view are as follows:
First, plaintiff testified that at the time of the alleged injury he felt his "back snap. It popped. It almost took me to my knees." According to the intake form completed by plaintiff on March 30, 2009, however, plaintiff did not report this alleged injury to his initial treating physician, Dr. Decker. In fact, the patient summary for plaintiff dated April 27, 2009 and found in Dr. Decker's medical records states, "He reported that he recalls no particular incident that brought on the current condition, though he works heavy construction." If an accident had occurred which nearly took plaintiff "to his knees," this would surely have been reported to his supervisor as well as to his treating physician. Neither apparently occurred.
Second, a "Patient Health Questionnaire" completed on May 18, 2009 for the Carolina Spine and Neurosurgery Center shows that plaintiff indicated that his back pain began three years prior while lifting a rock. There is no reference to any alleged injury occurring on March 18, 2009 while lifting scaffolding. One would think that even if plaintiff had had previous back *Page 14 
problems, an injury that caused plaintiff's back to "snap and pop" would have been deemed worthy of reporting to a neurosurgeon.
Finally, plaintiff's testimony relative to his work status for the 12 day period following the alleged incident conflicts with his interrogatory responses. In fact, the bulk of the testimony supports the fact that plaintiff continued to work full duty from the date of his alleged accident until he sought medical care with Dr. Decker on March 30, 2009.
Also worthy of note is the fact that plaintiff offered testimony in direct contradiction to the results of a urine analysis drug test indicating recreational drug use.
In conclusion, I do not find that a compensable injury by accident occurred on March 18, 2009 when plaintiff was lifting scaffolding and, as such, cannot concur with my esteemed colleagues in their opinion.
 S/____________ LINDA CHEATHAM COMMISSIONER *Page 1